Filed 07/16/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-2778

| | |
|---|---|
| STATE OF VERMONT,<br>　　Plaintiff<br><br>　　v.<br><br>EXXON MOBIL CORPORATION, et al.,<br>　　Defendants | DECISION ON MOTION |

## RULING ON STATE'S MOTION TO COMPEL DISCOVERY
## FROM SUNOCO 12(b)(2) DEFENDANTS

In denying Defendants' motion to dismiss in 2024, this Court acknowledged that "a factual dispute may remain as to whether personal jurisdiction exists as to some of the Sunoco Defendants." Ruling on Defendants' Mot. to Dismiss, 2024 WL 5189025, at *6 (Dec. 11, 2024). In later denying interlocutory review, the Court noted that "[i]f the Sunoco Defendants believe they have a strong argument for lack of personal jurisdiction, it may be appropriate for them to request that limited jurisdictional discovery be conducted prior to any discovery on the merits." Ruling on Defendants' Mots. for Interlocutory Review, 2025 WL 1018154, at *5 (Mar. 26, 2025). That apparently prompted Defendants Sunoco LP, ETC Sunoco Holdings LLC, and Energy Transfer LP (the "Sunoco 12(b)(2) Defendants") to seek bifurcated discovery on the issue of personal jurisdiction. The Court agreed to limit discovery as to the Sunoco 12(b)(2) Defendants to jurisdictional facts for approximately four months, but noted that it had "some concern that disputes will arise about whether a particular discovery request is relevant to 'jurisdictional' or 'merits' issues" because "often times, it may be relevant to both." Ruling on Sunoco 12(b)(2) Defendants' Mot. to Bifurcate Discovery at 2 (Oct. 15, 2025). In allowing the requested bifurcation of discovery, the Court "trust[ed] that the parties will work together in good faith on such issues, that they will treat the term 'jurisdictional' broadly for purposes of such discovery, and that Sunoco will not needlessly object on those grounds." *Id.*

It now appears that the Court's "trust" was, in some respects, overly optimistic. The State has since filed a 42-page Motion to Compel related to the jurisdictional discovery, which was followed by a 43-page opposition by the Sunoco 12(b)(2) Defendants and a 21-page reply by the State. The State argues that Defendants' responses to many of its document production requests and interrogatories are deficient and asks the Court to compel Defendants to fully respond to the requests and interrogatories in question.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." V.R.C.P. 26(b)(1). If a party

fails to answer an interrogatory or respond to a request for production, "the discovering party may move for an order compelling an answer, . . . or an order compelling production . . . in accordance with the request." V.R.C.P. 37(a)(2). Trial courts have "broad discretion" over discovery rulings. *Stella ex rel. Est. of Stella v. Spaulding*, 2013 VT 8, ¶ 15, 193 Vt. 226; *Castle v. Sherburne Corp.*, 141 Vt. 157, 164, 446 A.2d 350, 353 (1982).[1]

The dispute here appears to stem largely from Defendants' refusal to provide discovery related to certain entities that are not parties but that are general partners, agents and/or subsidiaries of Defendants. Defendants contend that they are non-operating holding companies with no directors, officers, or employees, and that the activity of their general partners – Sunoco GP, LLC and LE GP, LLC – is jurisdictionally irrelevant. Importantly, in opposing the motion to compel, Defendants do not contend that they lack "possession, custody or control" over the requested documents. V.R.C.P. 34(a). Instead, they contend that the documents are irrelevant under Rule 26(b).[2]

According to corporate filings, Defendant Sunoco LP is managed and operated by the board of directors and executive officers of its General Partner, Sunoco GP LLC, which also provides Sunoco LP with the employees and other personnel necessary to conduct its operations. Ex. 21 at 11. Similarly, Defendant Energy Transfer LP's general partner, LE GP, LLC, manages and directs all of its activities, and "[t]he officers and directors of [Energy Transfer] are officers and directors of LE GP, LLC." Ex. 22 at 131. That is enough to make documents and information held by those general partners jurisdictionally relevant, at least for purposes of discovery.

Defendants rely on caselaw addressing the liability (or lack thereof) of general partners, agents, or subsidiaries, and much of their briefing reads like a motion to dismiss. But this is not a motion to dismiss, of course, and the potential liability of those general partners is not the issue here. Instead, the issue is whether those general partners may have information or documents relevant to whether this Court has jurisdiction over Defendants in this litigation. If they do, then such information or documents are discoverable. It is possible that after further examination, much of the information or documents held by the general partners may not ultimately be admissible or helpful to the jurisdictional analysis, but that does not mean it is not discoverable. Likewise, if the discovery requests call for information or documents relevant to the issue of jurisdiction that is within the Sunoco 12(b)(2) Defendants' possession or knowledge, the fact that

---

[1] Counsel apparently conferred in good faith in accordance with V.R.C.P. 26(h) and were unable to resolve their disputes. *See* Velez Decl. ¶ 10 (filed Apr. 2, 2026).

[2] Defendants object generally throughout their discovery responses that the requested documents and information are outside of their possession, custody, and control, *see* Exs. 3 and 4, but they do not raise that argument in opposing the motion to compel. Such an objection might not be successful in any event. *See Lufthansa Technik AG v. Astronics Corp.*, 553 F. App'x 22, 23 (2d Cir. 2014) ("[p]arent corporations have been compelled to produce documents in the hands of subsidiaries, [and] subsidiaries documents in the hands of their parent entities" (quotation omitted)).

the materials concern the activities of other Defendants or entities is not valid grounds for an objection.

Nor would the production of information or documents from the general partners fall outside the scope of the State's discovery requests. Definition 1 of the State's First Set of Requests for Production and its First Set of Interrogatories contemplates that a reference to Defendants includes "Defendant and its officers, directors, employees, partners, corporate parents, subsidiaries, predecessors, affiliates, agents, and representatives or anyone else under its control." Ex. 1 at 1; Ex. 2 at 1.

For many of the interrogatories and document requests, Defendants have apparently limited their search to items that explicitly reference Vermont and thus excluded items otherwise responsive to the requests from their discovery responses. This practice does not properly respond to the State's requests. The scope of discovery is designed to be broader than the eventual totality of admissible evidence. V.R.C.P. 26(b)(1). Information or documents pertaining to national marketing campaigns that reach Vermont may be relevant to Defendants' contacts with the state, even though they do not specifically use the word "Vermont." *See generally State v. Atl. Richfield Co.*, 2016 VT 22, ¶ 23, 201 Vt. 342; *Dall v. Kaylor*, 163 Vt. 274, 276-77, 658 A.2d 78 (1995). Thus, the requests are not overbroad.

Defendants also contend that the temporal scope of many of the discovery requests is unreasonably broad. It appears that the parties no longer dispute that the relevant time period governing requests from Sunoco LP and Energy Transfer LP spans from 2012 to the present. *See* State's Reply at 15 n.18; Defs.' Opp'n at 36. The only dispute concerns ETC Sunoco Holdings LLC. Defendants complain that the State seeks documents dating back to 1950, and that jurisdictional discovery should be limited to post-2000. The State has clarified that there are only three requests that seek documents dating back to 1950, all pertaining to corporate structure and leadership: Production Requests # 1, 3, and 43. That is not an unreasonable burden. As to the other requests, some seek documents dating back to 1990, some seek documents dating back further to 1960, and some fail to state a specific time period, but the State has now clarified that it seeks jurisdictional discovery from ETC Sunoco Holdings LLC dating back only to 1990. Reply at 15. To the extent Defendants argue that a limit of 1990 rather than 2000 is unreasonable, the Court disagrees. And, to be clear, any discovery requests regarding social media advertising, for example, are obviously limited to the advent of social media and requests regarding websites are similarly limited to the inception of that particular website.

Additionally, the State is entitled to Defendants' document retention policies as requested in Production Request # 55. These are relevant because Defendants contend that many potentially responsive documents are no longer in existence because of those policies. *See* Mot. to Compel at 40-41.

<u>Order</u>

The State's motion to compel (Mot. # 67) is GRANTED IN PART, consistent with the Court's discussion above. The Sunoco 12(b)(2) Defendants shall provide documents and information held by their general partners/agents Sunoco GP, LLC and LE GP, LLC that are

otherwise responsive to the interrogatories and production requests. Defendants shall produce responsive documents and information regardless of whether they explicitly reference the term "Vermont," and shall not limit their search to only that term. And they shall provide discovery from ETC Sunoco Holdings LLC dating back to 1990 where appropriate, as discussed above. Additionally, Defendants shall provide their document retention policies as requested.[3]

This order, along with Defendants' production of certain documents that they had been waiting to produce until the issuance of a protective order (which has since been issued), should generally resolve the discovery disputes raised in the pending motion. After Defendants supplement their discovery responses in accordance with this order, the parties must meet and confer pursuant to Rule 26(h) before bringing any remaining disputes to the Court.

Electronically signed on July 16, 2026 at 2:14 PM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge

---

[3] The request for oral argument on the motion is DENIED based on the Court's conclusion that argument is unnecessary and would not be helpful at this time.

4